IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                                    Case No. 12-10140-03-JTM

HECTOR MEDINA-HERNANDEZ,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Hector Medina-Hernandez's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 340). Defendant seeks to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines, which took effect on November 1, 2014, and lowers the base offense levels in the Drug Quantity Table, U.S.S.G. § 2D1.1. For the reasons stated below, defendant's motion is dismissed.

    **I. Defendant's Plea Agreement**

Defendant pleaded guilty pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. In that agreement, the parties proposed, "as an appropriate disposition of the case, a sentence of 120 months (10 years) in prison" for Count 1, conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a); 5 years of supervised release; no fine; and a $100 mandatory special assessment. (Dkt. 151, at 3). The parties acknowledged that the

1

proposed sentence did not offend the advisory sentencing guidelines; however, the parties stated that their proposed sentence was pursuant to Rule 11(c)(1)(C), and they were not requesting imposition of an advisory guidelines sentence.

## II. Legal Standards and Application

"Under 18 U.S.C. § 3582(c)(2), a defendant is eligible for a sentence reduction if he was initially sentenced 'based on a sentencing range' that was later lowered by the United States Sentencing Commission." *Koons v. United States*, 138 S. Ct. 1783, 1786–87 (2018). In *Hughes*, the Supreme Court considered "whether a defendant may seek relief under § 3582(c)(2) if he entered a plea agreement specifying a particular sentence under Federal Rule of Criminal Procedure 11(c)(1)(C)." 138 S. Ct. at 1773. The Court noted the disparity in sentences among the Circuits that resulted from *Freeman v. United States*, 564 U.S. 522, 538–39 (2011), including those Circuits that followed the *Freeman* concurrence. *Hughes v. United States*, 138 S. Ct. 1765, 1774–75 (2018) ("Yet in the aftermath of *Freeman*, a defendant's eligibility for a reduced sentence under § 3582(c)(2) turns on the Circuit in which the case arises."). To resolve this problem, the Supreme Court held that "a sentence imposed pursuant to a Type–C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Id.* at 1775. The Court went on to recognize a general rule that Rule 11(c)(1)(C) or "Type-C" agreements will typically be "based on" a defendant's guidelines range. *Id.* at 1775–76. "In federal sentencing the Guidelines are a district court's starting point, so when the Commission lowers a defendant's Guidelines range the defendant will be eligible for relief under § 3582(c)(2)

2

absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." *Id.* at 1776.

Here, the court has reviewed the record and determines that defendant is not eligible for the two-level reduction. Defendant's total offense level was 37 and his criminal history was I, which resulted in a guidelines range of 210 to 262 months. Defendant received the mandatory minimum sentence (120 months) and § 3582(c)(2) does not allow an additional reduction under Amendment 782. *See United States v. Tubens*, 644 F. App'x 861, 862 (10th Cir. 2016) ("[I]n the situation where a defendant's sentence is cabined by a statutory mandatory minimum term of imprisonment, a district court lacks jurisdiction to grant the defendant's § 3582 motion."). Therefore, this court is without jurisdiction to consider defendant's § 3582(c)(2) motion.

IT IS THEREFORE ORDERED this 3rd day of July, 2018, that defendant Hector Medina-Hernandez's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 340) is dismissed for lack of jurisdiction.

  s/ J. Thomas Marten
  J. THOMAS MARTEN, JUDGE